IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ARTHUR GILMER CROSS JR., § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 4:08-CV-603-Y |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Arthur Gilmer Cross Jr., TDCJ ID # 415793, is a state prisoner who was incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), at the time of the filing of this petition. Cross is no longer confined in TDCJ, and his whereabouts are unknown.

Respondent Nathaniel Quarterman is the Director of TDCJ.

## C. PROCEDURAL HISTORY

At the time this petition was filed, Cross was confined in the Boyd Unit of TDCJ in Teague, Texas, on his 1986 state conviction for sexual assault. The undersigned's October 21, 2008, "Order Permitting Proceeding in the District Court and Order, Notice, and Instructions to Parties" sent to Cross at his address of record was returned to the clerk's office undeliverable reflecting that Cross is no longer incarcerated in TDCJ. Furthermore, TDCJ's Offender Information Detail, *available at* http://www.tdcj.state.tx.us/offender_information, indicates that there is no offender matching Cross's SID identification number in custody of TDCJ at this time and that he was scheduled for release to mandatory supervision on October 27, 2008. Telephonic communication with TDCJ on this date confirms that Cross was in fact released to mandatory supervision on that date. Cross has not provided a change of address to the Court.

## D. DISCUSSION

Cross's claims pertaining to his April 2006 parole or mandatory supervision revocation hearing and the resultant loss of time credits and his request for reinstatement of parole or mandatory supervision are now moot in that he has been re-released from confinement to mandatory supervision. Because this court can no longer provide him with the relief he seeks, dismissal of this petition is appropriate as moot. *See Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987); *McRae v. Hogan*, 576 F.2d 615, 616-17 (5th Cir. 1978).

## II. RECOMMENDATION

It is recommended Cross's petition for writ of habeas corpus be DISMISSED as moot.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific

written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 3, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 3, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 12, 2008.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE